DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHITREKHA RAMSARAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-111

[January 4, 2023]

Appeal from the County Court for the Nineteenth Judicial Circuit, St. Lucie County; Kathryn Nelson, Judge; L.T. Case No. 562021MM001994AXXXX.

Carey Haughwout, Public Defender, and Robert Porter, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Pablo Tapia, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant challenges the costs that the trial court imposed in her sentence for use or possession of drug paraphernalia. We agree that some of these costs were improperly imposed.

After appellant was adjudicated on the misdemeanor charges against her, she was sentenced to jail and probation. The court further required appellant pay "all the statutory costs." The trial court's minutes list the following relevant costs: $223 for "MM Cost"; $25 for cost of investigation; and $100 for costs of prosecution. Appellant challenged these costs in a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). As the trial court failed to rule on the motion within sixty days, the motion was deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B). Appellant raises the same claims on appeal.

In *Rivera v. State*, 336 So. 3d 738 (Fla. 4th DCA 2022), we considered the imposition of identical costs. We adopt the rulings in *Rivera* here:

> We strike the $25 investigative costs because the state did not request such costs prior to the judgment. § 938.27(1), Fla. Stat. (2020). In accordance with *Richards v. State*, 288 So. 3d 574, 576–77 (Fla. 2020), the state is not permitted to seek this cost on remand. We reverse the $100 prosecution costs, because the state did not seek or prove costs above the statutory maximum of $50. § 938.27(8), Fla. Stat. (2020). We therefore remand for the trial court to impose $50 in prosecution costs in accordance with the statute, or to impose additional costs if sufficient findings are made. *Bartolone v. State*, 327 So. 3d 331, 336 (Fla. 4th DCA 2021).

*Id.* at 741. We note that in this appeal, the State appropriately conceded that the $100 in prosecution costs was improperly imposed.

As to the $223 "MM cost," appellant concedes that $220 of it is statutorily mandated costs. She objects to the additional $3. The State, however, has shown that section 938.19(2), Florida Statutes (2021), provides for the mandatory assessment of $3 in costs for Teen Court. We therefore affirm as to the assessment of the $223 "MM cost."

*Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.*

KLINGENSMITH, C.J., WARNER and GERBER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**